UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BANK OF AMERICA, NA,

        Plaintiff,

v.                          Case No. 8:13-cv-2226-T-33TGW

US EQUITY, LLC, ET AL.,

        Defendants.

_____/

## ORDER

This cause is before the Court pursuant to Plaintiff Bank of America, NA's Agreed Motion to Remand (Doc. # 79), which was filed on June 18, 2014. For the reasons that follow, the Court grants the Motion.

**I.**   **Background**

On June 11, 2013, Bank of America filed its Verified Complaint to Foreclose Mortgage against a number of Defendants, including the United States of America. (Doc. # 2). The Government removed the action to this Court on August 28, 2013, pursuant to the provisions of 28 U.S.C. § 1444, explaining: "The United States has an interest in the real property which is the subject of the foreclosure action pursuant to federal tax liens securing the unpaid federal income tax liabilities of Michael L. Cone." (Doc. # 1 at ¶

1).[1]  Accordingly, removal of the action was appropriate.  On
November 15, 2013, the Court entered its Case Management and
Scheduling Order setting this case for a bench trial in
February of 2015, and requiring the parties to mediate by July
18, 2014. (Doc. # 30).  A mediation conference with Peter
Grilli, Esq. is scheduled to take place on June 25, 2014.
(Doc. # 57).

On June 4, 2014, the Government and Bank of America filed
a Joint Stipulation stating:

> The United States and Bank of America agree that a
> judgment of foreclosure and order of sale shall be
> entered in favor of Bank of America in this action.
> The United States and Bank of America also agree
> that pursuant to 26 U.S.C. § 6323 Bank of America's
> mortgage lien has priority over the government's
> tax liens securing the unpaid tax assessments
> against Michael L. Cone with respect to the subject
> real property located at 5102 Longfellow Avenue,
> Tampa, Florida.  The parties also agree that this
> stipulation obviates the need for the government to
> participate further in this action.

(Doc. # 77).

On June 18, 2014, Bank of America filed an Agreed Motion
to Remand based on the Joint Stipulation, specifically based

---

[1] 28 U.S.C. § 1444 states, "Any action brought under
section 2410 of this title against the United States in any
State court may be removed by the United States to the
district court for the district and division in which the
action is pending."  28 U.S.C. § 2410 enumerates "actions
affecting property on which the United States has lien" and
includes "foreclosure of a mortgage or other lien."

on the Government's indication that it will no longer participate in this action. (Doc. # 79). Bank of America further indicates that "all remaining parties participating in this case agree and consent to the remand of this action back to state court." (Id. at 2). Bank of America also notes that "the USA has affirmatively stated it does not object to the relief requested herein." (Id. at 3). In addition to requesting an Order of remand, Bank of America also requests permission to cancel the mediation scheduled for June 25, 2014. Bank of America explains that "once this case is remanded, the parties will conduct the mediation under the applicable state court rules."

## II. **Analysis**

"Federal courts are directed to construe removal statutes strictly, resolve all doubts about jurisdiction in favor of remand, and employ a presumption in favor of remand to state courts." Total Fleet Solutions, Inc. v. Nat'l Crime Ins. Bureau, 612 F. Supp. 2d 1232, 1234 (M.D. Fla. 2009). Here, since the United States is no longer asserting an interest in the real property at issue, the Court determines that it is appropriate to remand this case to state court. See Fla. Dep't of Envtl. Reg. v. Silvex Corp., 606 F. Supp. 159, 164 (M.D. Fla. 1985)("The only basis for this Court's jurisdiction was

3

the presence of the Navy.  As the Navy is dismissed, the Court no longer has jurisdiction over this case."); <u>Stipp v. Allen</u>, No. 4:98-cv-82, 1999 U.S. Dist. LEXIS 19996, at *4 (M.D. Ga. Dec. 13, 1999)(remanding to state court an action originally removed by the United States: "Since the federal tax liens have been discharged, the United States no longer has an interest in these proceedings.").

Upon due consideration, the Court remands this action to state court pursuant to 28 U.S.C. § 1447(c), which states, "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  In addition, the Court authorizes Bank of America to cancel the mediation scheduled to take place before Peter Grilli, Esq. on June 25, 2014.[2]  As this matter is remanded for lack of jurisdiction, the state court, rather than this Court, should address alternative dispute resolution issues arising henceforth.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1)  Bank of America, NA's Agreed Motion to Remand (Doc. # 79)

---

[2]  In granting permission to cancel the mediation conference, the Court expresses no opinion regarding any cancellation fee or other charge that the mediator may impose.

4

is **GRANTED**.

(2)    The Clerk is directed to **REMAND** this case to State court.

(3)    After remand has been effected, the Clerk is directed to

**CLOSE THIS CASE**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this

<u>18th</u> day of June, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:

All Counsel and Parties of Record